John M. Morrison
MORRISON, SHERWOOD, WILSON & DEOLA, PLLP
P.O. Box 557
401 N. Last Chance Gulch
Helena, MT 59624
(406) 442-3261 Phone
(406) 443-7294 Fax
john@mswdlaw.com

Mark D. DeBofsky*
DEBOFSKY LAW LTD.
2 N. Riverside Plaza, Suite 1420
Chicago, IL 60606
(312) 561-4040
mdebofsky@debofsky.com
　　　*Seeking Pro Hac Vice Admission

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| STEVEN FIELD,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　　Defendants. | Cause No. __CV-24-67-H-JTJ__<br><br>**COMPLAINT** |

　　Now comes the Plaintiff, STEVEN FIELD, by his attorneys, JOHN M. MORRISON and MARK D. DE BOFSKY, and complaining against the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, he states:

## JURISDICTION AND VENUE

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans, which, in this case, consists of group long-term disability ("LTD") benefits.

2. This action may additionally be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

3. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has fully exhausted all pre-litigation appeals available to him.

4. Venue is proper in the District of Montana pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) because Plaintiff resides in this District.

5. Venue is also proper in the District of Montana pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## THE PARTIES

6. The plaintiff, STEVEN FIELD ("Field" or "Plaintiff"), age 54 (born in 1969), has lived in Helena, Montana at all times relevant hereto.

7. The defendant, Life Insurance Company of North America ("LINA" or "Defendant"), was at all times relevant hereto doing business throughout the United States and within the District of Montana.

## NATURE OF ACTION

8. This action is brought as a claim for benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Field seeks payment of LTD benefits due under an LTD group policy of insurance: group policy number LK-980376 ("Policy"), underwritten and administered by LINA for the benefit of employees of Tetra Tech, Inc., which is based in the State of California. (a true and accurate copy of the Certificate of Coverage provided to Plaintiff and represented as the governing plan document is attached hereto as Exhibit "A").

9. At all times relevant hereto, the LTD Policy constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)); and incident to her employment with Spencer Stuart, Dear received coverage under the LTD Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

10. Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g), as well as all other remedies this Court sees fit to award.

## RELEVANT LTD POLICY PROVISIONS

11. The LTD Policy provides monthly disability income benefits for participants that meet the following "Definition of Disability/Disabled":

    **Disability/Disabled**

    You are considered Disabled if, solely because of Injury or Sickness, you are:
    1. unable to perform the material duties of your Regular Occupation; and
    2. unable to earn 80% or more of your Indexed Earnings from working in your Regular Occupation.

    After Disability Benefits have been payable for 24 months, you are considered Disabled if, solely due to Injury or Sickness, you are:

    1. unable to perform the material duties of any occupation for which you are, or may reasonably become, qualified based on education, training or experience; and
    2. unable to earn 80% or more of your Indexed Earnings.

3

>  We will require proof of earnings and continued Disability.

Ex. A at 15.

## STATEMENT OF FACTS

12. Prior to August 2022, Field was successfully employed by Tetra Tech, Inc. as a civil engineer whose duties encompassed the preparation of construction drawings, grading surfaces and other detailed drawings using computer assisted 3-D software. However, as the result of symptoms of fatigue, brain fog, headaches, and flu-like symptoms, he had to markedly reduce his work hours in August 2022 and ultimately had to cease working altogether.

13. After Field's work capacity was reduced, he applied to receive long-term disability benefits from LINA; however, despite the submission of medical proof that established his entitlement to benefits, Field's claim was denied in July 2023.

14. Following the benefit denial, Field appealed the determination in accordance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1. Despite Field's statutory entitlement to a "full and fair review" of his claim pursuant to the statute and regulation cited in the preceding sentence, LINA acted as Field's adversary and denied his claim appeal in November 2023 based on reports obtained from biased non-examining doctors and by claim examiners who failed to take into consideration all of the evidence Field submitted and to apply "higher-than-marketplace quality standards" in administering his claim as is required in accordance with 29 U.S.C. § 1104 and Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 115 (2008). The denial of the claim appeal renders this matter ripe for adjudication.

15. LINA's denial of Field's claim for LTD benefits and his appeal was and remains against the weight of the medical and vocational evidence, including the opinions of Field's

examining doctors, the assessment of his supervisor at work, as well as the records and reports submitted to Defendant. LINA's determinations were the product of biased claims handling that disregarded the obligations set forth in the applicable policy as well as additional claim-handling obligations LINA agreed to assume as part of a Regulatory Settlement Agreement it entered into on May 13, 2013, between its underwriting companies and the insurance directors of every state in the United States, including Illinois.

16. As a direct and proximate result of the foregoing, Field is entitled to all accrued long-term disability benefits that are owed to him, plus any interest that has accrued thereon.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant and that the court order the Defendant to pay all accrued long-term disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled;

B. That the Court order the Defendant to pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

C. That the Court award Plaintiff attorney's fees pursuant to 29 U.S.C. § 1132(g); and

D. That Plaintiff be awarded any and all other contractual and/or equitable relief to which he may be entitled, as well as the costs of suit.

DATED this 24th day of September 2024.

MORRISON, SHERWOOD, WILSON, DEOLA, PLLP

_____
John Morrison
*Attorneys for Plaintiff*